# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

NORA ALI MOBAREZ                    )
9555 Stearns Avenue,               )
Oakland, California 94605           )
                                   )         Civil Action No. _____
SAFFA ABDUL ELTAIEB                )
410 Henry Street                   )
Brooklyn, NY 11201                 )
                                   )
ABDULLA SAAIDI and                 )
AWHEAD ALMARQOZI,                  )
on behalf of themselves            )
and their minor children           )
K.S., A.S., and N.S.               )
2773 Amazon Street                 )
Dearborn, MI 48120                 )
                                   )
AHMED ABDULLA MOHAMED              )
4370 W. Northgate Dr Apt 51        )
Buffalo, NY                        )
                                   )
OSAMA YOUSEF ATIFAH               )
3320 Salina Street                 )
Dearborn, MI 48120                 )
                                   )
FATIMA ABDUL OBAD                  )
2540 Cambridge Dr                  )
Antioch, CA 95409                  )
                                   )
MOATASEM ALI YAHYA                 )
WAHBIAH ALI YAHYA                  )
1550 Wyoming Street                )
Dearborn, MI 48120                 )
                                   )
MOSSED AWNALLAH                    )
KALED MOSSED AWNALLAH              )
SABA MOSSED AWNALLAH               )
JAMAL MOSSED AWNALLAH,             )
individually and on behalf of minors )

M.K.A. and H.K.A )
10886 Arrowood Drive )
Stockton, CA 95219 )
)
ZIAD AHMED SHAAWAT )
13223 Syracuse Street )
Detroit, MI 48212 )
)
FIKRI AL-DALALI )
9325 McDougsll Street )
Hamtramck, MI 48212-3665 )
)
ALAWI JABER SALEH )
8723 Smart St )
Detroit, MI 48210-1882 )
)
WAIL YAHYA ALGHAZALIY )
509 Golden Gate Ave )
Fircrest, WA 98466 )
)
ARWA AL-IRIANI )
9039 Sligo Creek Pkwy Apt. 302 )
Silver Spring, MD 20901 )
)
AHMED OTHMAN  individually and )
on behalf of his children S.O., A.O., )
A.O., and H.O. )
Currently: Sanaa Sofan )
)
AMEL ALI NASSER individually and )
on behalf of her children S.M.N and )
A.M.N )
24450 Scott St )
Dearborn, MI 48124 )
)
SALEH MOTHANA )
2602 East 28 St )
Brooklyn, NY 11235 )
)
ESMA ALMONTASER )

Brooklyn, New York                          )
                                            )
MOHAMMED OMER                               )
9 Cook Street                               )
Brooklyn, New York 11206                    )
                                            )
IBRAHEEM HAFIZ KASSIM                       )
9755 Lakepointe Dr.                         )
Burke, VA 22015                             )
                                            )
HALEEMA AHMED on behalf of her              )
and her minor children A.A., F.A.,          )
N.A, and B.A,                               )
139-25 87th Drive                           )
Jamaica NY 11435                            )
                                            )
AHMED MOHSIN                                )
17379 Eddon Street                          )
Melvindale, Michigan 48122                  )
                                            )
v.                                          )
                                            )
JOHN KERRY, SECRETARY                       )
US DEPARTMENT OF STATE                      )
    IN HIS OFFICIAL CAPACITY                )
2201 C Street NW                            )
Washington, DC 20520                        )
                                            )
ASHTON CARTER, SECRETARY                    )
US DEPARTMENT OF DEFENSE                     )
    IN HIS OFFICIAL CAPACITY                )
1000 Defense Pentagon Rm 3E880              )
Washington, DC 20301-1000                   )
                                            )
ALSO SERVE:                                 )
                                            )
    U.S. Attorney for the District of       )
    Columbia                                )
    Civil Process Clerk                     )
    555 Fourth Street NW                    )

Washington, DC 20530   )
           )
Hon. Eric Holder    )
U.S. Attorney General   )
c/o Justice Management   )
Division        )
950 Pennsylvania Avenue NW )
Rm 1111       )
Washington, DC 20530   )
           )
Office of General Counsel   )
Department of Defense   )
1600 Defense Pentagon Rm  )
3B688        )
Washington, DC 20301   )
           )
U.S Department of State   )
Executive Office of the Legal  )
Advisor        )
2201 C Street NW    )
Washington, DC 20520-6310  )
           )
           )

_____

## EMERGENCY COMPLAINT FOR MANDAMUS WITH REQUEST FOR INJUNCTIVE RELIEF

### JURISDICTION AND VENUE

1)  This case arises under the United States Constitution and the laws of the United States and presents a federal question within this Court's jurisdiction pursuant to the United States Constitution 28 U.S.C. § 1331. This Court may also exercise jurisdiction under the Administrative Procedures Act, 5 U.S.C. §§ 702,

704. Finally, this Court may also exercise jurisdiction under 28 U.S.C. § 1361 for mandamus jurisdiction over this action.

2)      Venue is proper pursuant to 28 U.S.C. § 1391, in the United States District Court for the District of Columbia where the Defendants are located.

## PLAINTIFFS

3)      Unless stated otherwise, all plaintiffs are United States Citizens.

4)      Plaintiff NORA ALI MOBAREZ is a resident of Oakland, California, currently stranded in Yemen.  She went to the Djibouti embassy on April 5, 2015 and was told that they are only helping evacuate citizens of Djibouti .

5)      Plaintiff SAFFA ABDUL ELTAIEB is a resident of Brooklyn New York, currently stranded in Yemen.  He was told by the Department of State that they could not do anything to assist him.

6)      Plaintiff ABDULLA SAAIDI and his family are residents of Dearborn, Michigan.  His wife AWHEAD ALMARQOZI, a legal permanent resident of the United States, and three minor children, (K.S. (3 years old), A.S. (5 months old), and N.S. (22 months old)) are stranded in Yemen currently, after being kicked out of their house by Houthis rebels, and are hiding out in a family friend's house, in dire need.  His youngest child has not had access to formula necessary for his allergies and his oldest child was injured in a bus when escaping from their house.  Mr. SAAIDI has registered with the State Department Yemen

Emergency site, but it has not benefited.  He has been calling the number provided for the Indian embassy for days, constantly but there has been no answer. He goes not know if or when there are any boats leaving from Aden, Yemen.  He has reached out to the U.S. citizen's services as well as the embassy and just gets passed off to others.

7)     Plaintiff AHMED ABDULLA MOHAMED is resident of Buffalo, New York, currently stranded in Yemen.

8)     Plaintiff OSAMA YOUSEF ATIFAH is  resident of Dearborn, Michigan, currently stranded in Yemen.

9)     Plaintiff FATIMA ABDUL OBAD is a resident of Antoch, California and is currently stranded in Yemen where the roads are blocked.

10)     Plaintiffs ALI YAHYA, on behalf of minor M.A.Y., and WAHBIAH ALI YAHYA are residents of Dearborn, Michigan.   M.A.Y and WAHBIAH ALI YAHYA are currently stranded in Yemen.

11)     Plaintiffs MOSSED AWNALLAH, KALED MOSSED AWNALLAH, SABA MOSSED AWNALLAH , JAMAL MOSSED AWNALLAH , and minors M.K.A and H.K.A,  reside in Stockton, California and are all currently stranded in Yemen because the U.S. Embassy cancelled their appointments for travel documents.

12)     Plaintiff ZIAD AHMED SHAAWAT is a resident of Detroit,

Michigan and currently stranded in Yemen with his minor child and his pregnant wife.

13)    Plaintiff FIKRI AL-DALALI is a resident of Hamtramck, Michigan and currently stranded in Yemen.

14)    Plaintiff ALAWI JABER SALEH is a resident of Detroit, Michigan and is currently stranded in Yemen.

15)    Plaintiff WAIL YAHYA ALGHAZALIY is a resident of Fircrest, Washington and is currently stranded in Yemen.

16)    Plaintiff ARWA AL-IRIANI is a resident of Silver Spring, Maryland and is currently stranded in Yemen.

17)    Plaintiffs AHMED OTHMAN and his children S.O., A.O., A.O., and H.O. are currently stranded in Yemen.

18)    Plaintiffs AMEL ALI NASSER and her children S.M.N. and A.M.N are residents of Dearborn, Michigan and are currently stranded in Yemen.

19)    Plaintiff SALEH MOTHANA and his pregnant wife are residents of Brooklyn, New York and are both currently stranded in Yemen.

20)    Plaintiff ESMA ALMONTASER  is a resident of Brooklyn, New York and is currently stranded in Yemen.

21)    Plaintiff MOHAMMED OMER  is a resident of Brooklyn, New York and is currently stranded in Yemen.

22)     Plaintiff IBRAHEEM HAFIZ KASSIM  is a resident of Burke,

Virginia and is currently stranded in Yemen.

23)     Plaintiffs HALEEMA AHMED and minor children A.A., F.A., N.A,

and B.A are residents of Jamaica, New York and are currently stranded in Yemen.

HALEEMA AHMED went to the Djibouti embassy on April 7, 2015 to obtain an

exit visa as the State Department informed her to do and then on April 8, 2015 she

was told that the evacuation plans were cancelled.

24)     Plaintiff AHMED MOHSIN is a resident of Melvindale, Michigan and

is currently stranded in Yemen.

## DEFENDANTS

25)     Defendant Secretary John Kerry is the United States Secretary of State and

head of the United States Department of State ("Department of State"). Mr. Kerry is

responsible, along with co-defendant Ashton Carter, for the decisions of the U.S.

Department of State to evacuate U.S. Citizens abroad during times of crisis. In this case,

there has been no Noncombatant Evacuation Operations Order ("NEO Order"). This

type of order is normally implemented during crisis or war to evacuate U.S. Citizen and

their families from abroad and to secure their return to the United States.

26)     Defendant Ashton Carter is the United States Secretary of Defense

and directs the United States Department of Defense ("Department of Defense")

military strategies.  Mr. Carter is responsible for executing any NEO Order to

evacuate U.S. Citizens and their families from areas under siege or war around the world in conjunction with the co-defendant Mr. Kerry.

## EXHAUSTION OF REMEDIES

27)    Plaintiffs have exhausted their remedies, as there are no remedies outside of judicial action where a federal constitutional violation is alleged. It is well settled that exhaustion is not required if it would be futile. *See, e.g., American-Arab Anti-Discrimination Comm. v. Reno,* 10 F.3d 1045, 1058 (9th Cir. 1995); *see Ruiz v. Mukasey*, 269 Fed. Appx. 616, 618 (9th Cir. 2007). Furthermore, exhaustion is not required if there would be irreparable harm. *See also Richardson v. Reno*, F. Supp., 1998 WL 74229, *3 (S.D. Fla. Feb. 13, 1998); *Peralta Veras v. Ashcroft* (E.D.N.Y. 2002). No action or any other request has been made in Federal or any other Court to review the complaints alleged herein.

## PRELIMINARY STATEMENT AND FACTUAL BACKGROUND

28)    This lawsuit challenges the constitutionality of the United States government's action and/or failure to act to protect United States citizens in Yemen, whose lives are in danger from ongoing military action and violent attacks. This lawsuit is by no means an attempt to interfere with the ongoing armed conflict in Yemen. This action is seeking to compel a governmental agency to initiate evacuation efforts and secure the safety and well-being of its citizens.

29)    U.S. Citizens, including those who are plaintiffs, are being subjected

9

to trauma, both physical and mental, and many have witnessed fellow family members or relatives being killed or seriously injured in the ongoing conflict in Yemen.

30)    The United States Department of State statement and/or position that it would not engage in evacuation efforts, procedures, and/or processes to safely evacuate United States citizens in Yemen constituted final agency action.

31)    Upon information and belief, prior to January 2015, the United States Department of State put in place an evacuation plan for United States military officers and embassy officers and/or staff to leave Yemen.

32)    On or about January 2015, the United States government, the United States Department of State, and/or the United States embassy had notice and/or knowledge of the imminent military action, armed conflict, and civil war in Yemen.

33)    The United States government, the United States Department of State, and/or the United States embassy acknowledged the instability and ongoing security threats in Yemen.

34)    On or about February 10, 2015, the United States ordered its ambassador to leave the country, as did France and the UK.[9]

---

[9] Cassandra Vinograd and Phil Helsel, *Yemen Crisis: U.S., U.K. and France to Close Embassies in Sanaa* NBC News (February 11, 2015) http://www.nbcnews.com/news/world/yemen-crisis-u-s-u-k-france-close-embassies-sanaa-n304181.

35)   On or about February 11, 2015, the United States suspended embassy operations, closed its embassy in Sana'a, Yemen, and evacuated embassy staff out of Yemen.

36)   On or about February 11, 2015, the United States Marines and military officers left Yemen.

37)   On or about February 11, 2015, the Department of State issued a travel warning on the Department of State website stating they have no plans to evacuate United States citizens from Yemen.[11]

38)   On March 20, 2015, suicide bombers attacked a pair of mosques in Sana'a, killing 137 people, at least 13 of whom are children, and wounding another 357.[13]

39)   On or about March 25, 2015, the ongoing violence in Yemen escalated to a regional war, when ten countries -- Saudi Arabia, United Arab Emirates, Bahrain, Qatar, Kuwait, Egypt, Jordan, Sudan, Pakistan, and Morocco -- conducted air strikes in Yemen.[15]

---

[11] U.S. Dep't of State, Yemen Travel Warning, Feb. 11, 2015, www.travel.state.gov/content/passports/english/alertswarnings/yemen-travel-warning.html; *see also* Lauren Gambino, *StuckInYemen.com: Website Offers Help to Yemeni Americans Trapped by War*, THE GUARDIAN, Apr. 5, 2015.

[13] Associated Press, *Bombings in Yemeni Mosques Kill More Than 130,* New York Times, March 20, 2015, http://mobile.nytimes.com/aponline/2015/03/20/world/middleeast/ap-ml-yemen.html?referrer=&_r=2.

[15] Lubna Hussain, F. Brinley Bruton, Alexander Smith & Charlene Gubash, *Yemen Crisis: Saudi Arabia Masses 150,000 Troops to Support Airstrikes,*NBC News, March 26, 2015, http://www.nbcnews.com/news/world/saudi-arabia-masses-150-000-troops-support-airstrikes-yemen-n330416.

40)    On March 26, 2015 the International Committee of the Red Cross reported that violent demonstrations left 8 dead and 140 injured in Taiz.[16]

41)    On or about March 30, 2015, the first American citizen, Mr. Jamal al-Labani, was killed by a bomb explosion in Aden, Yemen.[20]

42)    On April 1, 2015, the United High Commissioner for Human Rights, Zeid Ra'ad al Hussein, stated Yemen is "on the verge of total collapse."[21]

43)    On April 1, 2015, Amnesty International reported several military attacks in Yemen where numerous civilians were killed and wounded, including children.[22]

44)    On April 4, 2015, Russia presented a draft resolution at the United Nations Security Council, calling for a humanitarian ceasefire in Yemen.[27]

45)    On April 4, 2015, ICRC workers were killed in Yemen while trying to bring aid to civilians, including medical personnel.[29]

46)    On April 6, 2015, at least 53 people were killed in a period of 24

---

[16] International Committee of the Red Cross, Yemen: ICRC Concerned at Civilian Casualties amid Escalating Violence, March 26, 2015, https://www.icrc.org/en/document/yemen-icrc-concerned-civilian-casualties-amid-escalating-violence.

[20] *Family Mourns Oakland Man — First U.S. Citizen Killed In Yemen Violence,* 5KPIX, *April 4, 2015,* http://sanfrancisco.cbslocal.com/2015/04/04/family-mourns-jamal-al-labani-oakland-man-killed-in-yemen-mortar-attack/.

[21] *Dozens Killed In Yemen Dairy Plant Blast,* The Guardian, April 1, 2015, http://www.theguardian.com/world/2015/apr/01/yemen-dairy-plant-blast-civilian-casualties.

[22] *Id.*

[27] *Russia Submits Draft U.N. Resolution Calling for Yemen Ceasefire* Al Arabiya News, April 4, 2015, http://english.alarabiya.net/en/News/middle-east/2015/04/04/Russia-submits-draft-U-N-resolution-calling-for-Yemen-ceasefire-.html.

[29] UN News Centre, Civilian Casualties, Humanitarian Concerns Mounting as Yemen Fighting Continues – UN, April 6, 2015, http://www.un.org/apps/news/story.asp?NewsID=50506#.VSP1NvnF8-Z.

hours following clashes between factions in Yemen.[30]

47)    On April 6, 2015, the United Nations estimated that more than 500 people have been killed in the armed conflict since March 25, 2015. [31]

48)    On April 6, 2015, the World Health Organization (WHO) estimated that at least 540 people have been killed and another 1,700 wounded by violence since March 19.[32]

49)    On April 6, 2015, the United Nations Children's Fund ("UNICEF") estimated that at least 74 children have been killed and another 44 maimed since March 26. UNICEF stated that actual numbers may be higher.[33]

50)    On April 6, 2015, the Associated Foreign Press reported a growing shortage of food, water and electricity throughout Yemen.[34]

51)    On April 6, 2015 The United Nations estimated that more than 500 people have been killed in the armed conflict since March 25, 2015. [35]

52)    At time of filing, The Department of State has not provided any

---

[30] *Yemen Conflict: Red Cross Aid Flight Held Back by Violence,* BBC News, April 6, 2015, http://www.bbc.com/news/world-middle-east-32193676.
[31] Hugh Naylor, *Fighting in Yemen Is Creating a Humanitarian Crisis,* April 6, 2015, http://www.washingtonpost.com/world/middle_east/fighting-in-yemen-is-creating-a-humanitarian-crisis/2015/04/06/c05b573c-da2b-11e4-bf0b-f648b95a6488_story.html.
[32] UN News Centre, Civilian Casualties, Humanitarian Concerns Mounting as Yemen Fighting Continues – UN, April 6, 2015,
http://www.un.org/apps/news/story.asp?NewsID=50506#.VSP1NvnF8-Z.
[33] *Id.*
[34] *See Id.*
[35] Hugh Naylor, *Fighting in Yemen Is Creating a Humanitarian Crisis,* April 6, 2015, http://www.washingtonpost.com/world/middle_east/fighting-in-yemen-is-creating-a-humanitarian-crisis/2015/04/06/c05b573c-da2b-11e4-bf0b-f648b95a6488_story.html.

evacuation efforts to non-Embassy staff and/or United States Citizens in Yemen.

53)    At time of filing, The Department of State has not provided any transportation of United States citizens in Yemen back to the United States.

54)    At time of filing, The Department of State has not provided any transportation of United States citizens in Yemen to a safe third country.

55)    Saudi Arabia has declared Yemen a no-fly zone and/or restricted zone.

56)    Major airports and major seaports, including but not limited to, the Southern seaport of Aden and the airport in Taiz, have been essentially shutdown.

57)    The airports and seaports have been subject to attack and bombing during the armed conflict in Yemen.

58)    The back roads leading out of Yemen to neighboring countries, including but not limited to Oman, are dangerous and not safe for travel. Many of these roadways are controlled by militia, rebels, and tribal fighters.[36]

59)    Upon information and belief, United States citizens will be subject to assault, attack, kidnapping, and/or death if they attempt to escape through the back roads from Yemen to neighboring countries.[37]

60)    Reports have indicated that in March 2015, there was a call issued by

---

[36] Amel Ahmed, *Stranded Yemeni-Americans Consider Alternate Escape Routes*, AL-JAZEERA, Mar. 28, 2015.
[37] *See id.*

the Houthis, to report all United States citizens to the Houthis government.[38]

61)     Reports have indicated that Saudi Arabia has authorized one hundred (100) warplanes and one hundred and fifty thousand (150,000) soldiers into Yemen.[39]

62)     Reports have indicated that Egypt has authorized the deployment of warships to the armed conflict in Yemen.[40]

63)     Reports have indicated that the United Arab Emirates, Bahrain, Qatar, Kuwait, Jordan, Pakistan, and Sudan will engage their militaries in Yemen by contributing aircrafts and/or assistance with ground operations.[41]

64)     According to eyewitness accounts, United States citizens are being subjected to trauma, both physical and mental and many have witnessed fellow family members or relatives being killed or seriously injured.

65)     At least eight countries have evacuated their citizens including China, India, Pakistan, Russia, and Somalia. Evacuations of foreign citizens from Yemen since April 6, 2015 include the following:[46]

    a. Russian planes evacuated an undisclosed number of Canadians

---

[38] *See id.*

[39] *Saudi Arabia Bombs Yemen, Launches Coalition Op Against Houthi Rebels,* REUTERS, Marc. 25, 2015.

[40] *See id.*

[41] *See id.*

[46] John J. Xenaskis, *World View: Many Countries, But Not Us, Evacuating Citizens from Yemen* Breitbart, April 6, 2015, http://www.breitbart.com/national-security/2015/04/06/world-view-many-countries-but-not-us-evacuating-citizens-from-yemen/.

from Yemen.

b. India evacuated 1,800 Indians from Yemen, by air and by sea. In addition, the Indian Navy is evacuating Indian nationals from Aden. There are also 200 other people belonging to 20 different nations that are being evacuated by India.

c. The Chinese government dispatched a People's Liberation Army (PLA) Navy frigate to help evacuate 225 nationals from 10 countries, including Pakistan, Ethiopia, Singapore, Italy, Germany, Poland, Ireland, Britain, Canada and Yemen.

d. Pakistan has evacuated 183 people from Yemen, including 35 foreigners.

e. Jordan has so far evacuated 157 Jordanians from Yemen in the last two days

f. Turkey has evacuated 230 people from Sana'a, including 45 from other countries.

g. Algeria has evacuated 160 citizens from Yemen, on a plane flown from Sana'a to Cairo provided by Algerian national carrier Air Algerie. In addition, 40 Tunisians, 15 Mauritians, eight Libyans, three Moroccans and a Palestinian were also flown out of Sana'a.

h. Two Thai students were evacuated from Yemen on Sunday, and

arrived in Bangkok, Thailand.

66)    The United States Embassy in Yemen has been shut down and its personnel have been evacuated; leaving United States citizens in Yemen with nowhere to turn for logistical support and assistance needed to evacuate. The information and resources provided by The Department of State to United States citizens in Yemen, including but not limited to the Yemen Emergency email, are inadequate. While the Department of State has reached out to U.S. Citizens, there has been no assistance provided

67)    Furthermore, while the State Department has posted contact information about various ways out of Yemen, citizens have reported being unable to reach anyone at the numbers provided.

68)    The Department of State has provided U.S. Citizens in Yemen the contact information to other foreign embassies, including but not limited to the Embassy of India and the Embassy of Djibouti. U.S. Citizens were instructed to call the respective embassies and take advantage of any evacuation plans they have in place.

69)    The contacts to embassies provided by the Department of State to U.S. Citizens seeking assistance have been either non-responsive, or have no substantive way to provide the assistance American citizens need to leave Yemen and ensure their safety.

70)     Upon information and belief, the United States has not evacuated anyone, despite having the capabilities, including military ships in the area, to do so

71)     Upon belief and information, the Embassy of India has informed American citizens that there is a monetary fee for any evacuation assistance provided.

72)     Army Col. Steve Warren, a Pentagon spokesman, told reporters that the United States has "assets in place" to evacuate Americans but has not begun to do so.[47]

73)     Plaintiffs are aware of one U.S. Citizen, Mokhtar Alkhanshali, who was able to escape from Yemen, using his own limited resources, and make it back to the United States.  He traveled from Sana'a to Aden.  He rode with a fisherman across the Red Sea. From Africa he travelled to Amsterdam before flying back to San Francisco, California. He escaped harm and possible death with no assistance from the United States government.[49]

74)     Between 2001 and 2006, the Department of State conducted over 80 evacuations of United States citizens abroad.[50]

---

[47] *Id.*

[49]  Hamed Aleaziz, *Bay Area man, stuck in war-torn Yemen, returns home,* SFGate, April 7, 2015, http://www.sfgate.com/bayarea/article/Bay-Area-man-stuck-in-war-torn-Yemen-returns-6184923.php.

[50] United States Government Accountability Office, GAO-07-893 U.S. Evacuation from Lebanon, at 3 (July 7, 2007).

75)     The Department of State and Department of Defense evacuated citizens from a war torn country and war zone in 2006, when it removed nearly 15,000 Americans from Lebanon, where the Department of State had also issued travel warnings.[51]

76)     The United States last evacuated citizens from a war torn country in 2011, when it removed Americans from Egypt during deadly protests against then-President Hosni Mubarak.

77)     Marie Harf, a State Department spokeswoman, said there were "no plans for U.S. assets to be used" for evacuations.[52]

## COUNT I
## (ADMINISTRATIVE PROCEDURE ACT)
## (5 §§ USC 702, 704, 706)

78)     Plaintiffs incorporate Paragraphs 1 through ___ above as fully alleged herein.

79)     Pursuant to the Administrative Procedure Act, 5 U.S.C. § 702, Plaintiffs are entitled to judicial review of the United States Department of State action to not engage in evacuation efforts, procedures, and/or processes of United States citizens in Yemen by this Court, because Plaintiffs have suffered a legal wrong because of agency action, or have been adversely affected or aggrieved by

---

[51] *See id.*

[52] James Rosen, *U.S. agrees to refuel Saudi planes, but isn't evacuating Americans from Yemen,* McClatchy Washington Bureau, April 6, 2015, http://www.macon.com/2015/04/06/3680408/us-increases-role-in-yemen-war.html.

agency action.

80)    Pursuant to the Administrative Procedure Act, 5 U.S.C. § 704, Plaintiffs are entitled to judicial review by this Court of the Department of State's final agency action to not evacuate United States citizens in Yemen because Plaintiffs have no other adequate remedy.

81)    Defendants' are in violation of the Administrative Procedure Act, 5 U.S.C. § 706, in that the Defendants unlawfully withheld and/or unreasonably delayed agency action to which the Plaintiffs are entitled, the Defendants have taken action that is arbitrary and capricious and an abuse of discretion and not in accordance with law, and the Defendants have failed to provide through direct military assistance or contracting with commercial entities the necessary equipment, ships, airplanes, and other items that are available to Defendants to insure the security, safety, and well-being of United States citizens.

82)    As a result of the Defendants' violation of the Administrative Procedure Act, the Plaintiffs have been unlawfully deprived of a swift, accommodating, and reasonable evacuation from Yemen. Plaintiffs have suffered mental and physical trauma and hardship that is a result of waiting for the defendants to protect them and evacuate them safely.

## COUNT II
### (INJUNCTIVE RELIEF)

83)    Plaintiffs incorporate Paragraphs 1 through ___ above as fully alleged

herein.

84)     The Department of State's highest priority is to protect United States

citizens abroad in foreign nations.

85)     The Department of State failed to protect United States citizens when

it failed to evacuate United States citizens from Yemen.

86)     The Department of State did not provide adequate notice to United

States citizens in advance of the United States embassy suspension and closure of

operations.

87)     The Department of State did not provide substantive means for United

State citizens to leave Yemen.

88)     The Department of State's travel warning and recommendation of

U.S. Citizens to arrange private carrier travel was insufficient and unreasonable.

89)     The Defendants possessed knowledge of the danger, escalating

violence, and security threat to United States citizens.

90)     Thousands of United States Citizens remain stuck in Yemen, and in

harm's way, subjecting them to harm and even the loss of life.

91)     Thousands of United States Citizens remain in Yemen with no

realistic and feasible way of getting out of Yemen, and escaping the violence.

92)     The Defendants' failure to evacuate and secure the safety of United

States Citizens in Yemen is arbitrary and capricious.

93)     The Defendants must be compelled to evacuate United State Citizens in Yemen.

94)     That unless immediately restrained by this Court, the Defendants' actions and/or inactions will cause the Plaintiffs to suffer great and irreparable damage and injury, including the possibility of loss of life.  Plaintiffs have no adequate remedy at law but for this Court.

## **IRREPARABLE HARM**

The Defendants' conduct is causing irreparable harm and injury to United States citizens. United States citizens in Yemen are subject to arrest, interrogation, kidnapping, and death. The Defendants' action  and/or inaction has resulted in the death of a United States citizen. There is no realistic means for United States citizens to safely leave Yemen without the Defendants' support and assistance.

**WHEREFORE**, Plaintiffs request that injunctive relief is granted and judgment entered in favor of the Plaintiffs and against the Defendants that:

1.     The Defendants use all resources at their disposal that are necessary and available, including, but not limited to the deploying of military ships, vessels, and airplanes and/or contracting with private commercial ship liners and airline carriers to evacuate United States citizens from Yemen and safely return them to the United States in the most expeditious fashion available; and

2.     The Defendants' inaction in not evacuating United States citizens from Yemen was arbitrary and capricious, and violated the Administrative Procedure Act.

Respectfully submitted by
PLAINTIFFS,
BY AND THROUGH COUNSEL,

/s/ Jenifer Wicks
JENIFER WICKS
DC BAR 465476
Litigation Director, Civil Rights Department
Council on American-Islamic Relations
453 New Jersey Avenue SE
Washington, DC 20003
Tel: 202-740-6420 | Fax: 202-478-0867
jwicks@cair.com

/s/ Samer E. Khalaf
SAMER KHALAF
*Pro Hac Vice*
National President
American-Arab Anti-Discrimination
Committee (ADC) National

1990 M Street, NW
Washington, DC 20036
Tel: 202-244-2990 | Fax: 202-333-3980
president@adc.org